See also, 234 F.Supp.2d 581.

**TRIGON INSURANCE COMPANY**
**(Formerly Blue Cross and Blue**
**Shield of Virginia), Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**No. CIV. 3:00CV365.**

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 17, 2002.

Gilbert E. Schill, Jr., Esquire, McGuire-Woods LLP, Richmond, VA, James D. Bridgeman, Esquire, David J. Curtin, Esquire, Michael J. Desmond, Esquire, McKee Nelson, Washington, DC, for Plaintiff.

M. Hannah Lauck, Esquire, Assistant United States Attorney, United States Attorney's Office, Richmond, VA, Charles P. Hurley, Esquire, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the Court on Trigon's Petition For Attorneys' Fees And Expenses In Accordance With Court's November 9, 2001 Memorandum Opinion.

## BACKGROUND

This petition for attorneys' fees and costs arises as a consequence of the spoliation of evidence by the United States which is fully discussed in *Trigon Ins. Co. v. United States,* 204 F.R.D. 277 (E.D.Va. 2001) (the "Spoliation Opinion"). The details respecting the spoliation of evidence and the consequences of it are fully set forth in the Spoliation Opinion which, in the interest of brevity, is incorporated herein by reference. After discussing the circumstances and consequences of the conduct of the United States, its litigation coordinator, Analysis Group/Economics

("AGE") and its expert witnesses, and having settled upon the appropriate remedy for the spoliation which occurred in this case, the Court directed the United States, at its expense, to retain an expert in computer forensic science to attempt to recover the evidence which ostensibly had been destroyed by erasure of computer generated communications between AGE and the United States' expert witnesses. To that end, the United States retained Deloitte & Touche, which after considerable effort and expense, recovered a goodly amount of erased evidence.

Additionally, the Court directed that Trigon's counsel be involved in this effort so as to assure the integrity of the recovery effort and to avoid additional litigation over the manner in which that effort was conducted. Further, counsel for Trigon was permitted to take depositions of those involved in both the spoliation process and the recovery process so that Trigon could use that information to prepare its own case for trial and to meet the case to be presented by the United States, including cross-examination of the expert witnesses whose communications and reports were the central focus of the spoliation and the recovery effort.

Finally, the Court ordered that "Trigon is entitled to recover attorneys [sic] fees and costs incurred as a consequence of the spoliation of evidence." *Id.* at 291. In that regard, the Court noted that "[t]here has been significant expense in the briefing, deposing of experts, argument and hiring of computer forensics experts to adjudicate the issues [related to spoliation]." *Id.* at 291 n. 1.

Having seriously considered striking the testimony of the experts retained by the United States, but having decided not to use that remedial measure because it was opposed by the United States and Trigon,

and having considered other appropriate remedies for the spoliation of evidence, the Court concluded that the remedies described above, including an award of attorneys' fees and costs, were the appropriate remedies for the offense of spoliation outlined in great detail in the Spoliation Opinion. *Id.* at 291.[1]

### DISCUSSION

■ For expenses and fees incurred in its efforts to discern the scope, magnitude and direction of the spoliation of evidence, to participate in the recovery process, and to follow up with depositions to help prepare its own case and to meet the defense of the United States, Trigon claimed $179,725.70 as outlined in the original petition for fees and expenses and in the supplement to it. The United States has opposed the award sought by Trigon for several reasons. They will be addressed *seriatum.*

■ First, the United States opposes an award of any fees or expenses incurred by Trigon before July 20, 2001, the date upon which Trigon filed its motion seeking a declaration of spoliation and a remedy therefor. The United States is correct that the remedy chosen was largely to compensate Trigon for fees and expenses that it had incurred as a consequence of the spoliation, but that does not foreclose a claim for the fees and expenses associated with documenting the spoliation and seeking judicial redress therefrom. Tirgon's claim for that reasonable activity is a quite modest and well-documented $4,140.00. For the foregoing reasons, the first objection of the United States is overruled.

Second, the United States argues that the record submitted in support of Tri-

gon's claim does not permit an accurate analysis of the fees and expenses that Trigon incurred (a) in proving the spoliation, (b) in monitoring the recovery effort and (c) in ameliorating the effects of the spoliation. Having reviewed all of the materials submitted in support of the petition for attorneys' fees and expenses, this objection is overruled. If anything, the claimed expenses and fees are lower than one would have expected given the extent of the spoliation, the nature of the recovery effort, and the necessary follow up discovery.

Third, the United States protests, in a general sense, that Trigon's claim for fees and costs is excessive. Having considered the documentation of Trigon's claim, the particular pleadings of which the United States complains, and the egregious circumstances confronted by Trigon in its efforts to return the evidentiary playing field to even, or, at least, to fair, the argument of the United States is rejected as without merit. The amount of time reflected in the petition is reasonable, the rates are reasonable, and expenses are reasonably incurred.

■ Finally, in a related argument, the United States asserts that Trigon should not be permitted to recover any of its post-July 20 fees and expenses because it did not make extensive use at trial of the draft expert's reports that Deloitte & Touche recovered at the expense of the United States. That contention is unpersuasive.

To begin, whether recovered documents were used at trial is not particularly significant in assessing the cost to Trigon of uncovering the spoliation, bringing it to the Court's attention, and securing relief from it. Further, the recovery effort

---

**1.** Another appropriate remedy was the drawing of adverse inferences respecting the testimony of the experts who were involved in, or whose reports were the subject of, the spolia- tion. As it turned out, those adverse inferences were not drawn. *See Trigon Ins. Co. v. United States,* 215 F.Supp.2d 687, 741 (E.D.Va.2002).

prompted by the spoliation motion uncovered considerably more than draft reports. For example, it disclosed the existence of numerous e-mails which Trigon did use at trial. Moreover, it is not essential that the recovered evidence have been used at trial. The value of having disclosed the spoliation and having recovered some of that evidence transcends use of the evidence to cross-examine the experts at trial. For instance, it assures that the expert's trial testimony is tethered to matters in the record, including the recovered evidence. It permits, standing alone, an adverse inference of the bias of an expert. The fact that those biases were not drawn in this case does not, in any way, mean that Trigon should not be compensated for the expense of being in a position to show such bias. Moreover, the recovered evidence was useful in preparing to meet the contentions being made at trial by the United States.

For the foregoing reasons, the claim of Trigon for fees and expenses is warranted and found to be reasonable in amount and reasonably incurred and Trigon is awarded fees and expenses in the amount of $179,725.70.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.